**OLIVER, et ux v. PANHUYSEN.**

**No. 12399.**

Circuit Court, Lake County.

September 5, 1958.

Henry L. Pringle, Leesburg, for plaintiffs.

Roy Christopher, Mt. Dora, for defendant.

T. G. FUTCH, Circuit Judge.

This cause came on for the taking of testimony and proofs and final hearing before this court on August 13, 1958.

While no formal order has actually been entered to that effect, it is considered by the court that the plaintiffs' motion to strike paragraph nine of the last amended answer of the defendant had been granted in view of the fact that the same matter as there alleged had been stricken from former answers on motion of the plaintiffs and had no place in the last amended answer interposed by the defendant—and the case proceeded on that basis as to the pleadings.

This case involves the foreclosure of a mortgage on certain real property in Lake County described in the complaint and in the mortgage, which said mortgage was made and delivered by the defendant for the purpose of securing a promissory note made jointly by her and one P. G. Jeffcoat in the sum of $3,000 payable to the mortgagees. The mortgage and note secured thereby bore date of June 22, 1951 and the mortgage was duly recorded in the

office of the clerk of the circuit court of Lake County on June 27, 1951, in mortgage book 138, on pages 479-482.

Thereafter, on the 27th day of January, 1955, P. G. Jeffcoat paid to the mortgagees the balance then remaining unpaid of principal and interest as evidenced by the note and secured by the mortgage, and on the same date the mortgagees undertook to assign the mortgage and note to the plaintiffs, Dr. C. S. Oliver and Venice Mae Oliver, his wife, which said assignment was duly recorded in assignment book 10, page 532 in the office of the clerk of the circuit court in and for Lake County. This action seeking the foreclosure of said mortgage was instituted by the assignees in the circuit court of Lake County on the 26th day of April, 1956.

The record shows that an abortive petition for a writ of certiorari was filed with the Supreme Court by the defendant on or about the first day of July, 1957, which apparently resulted in the Supreme Court canceling the file and returning the same, with information to defendant's counsel that appellate procedure should be instituted in the Second District of Appeal, and although the records of this court fail to reveal any information relative to action in or by the District Court of Appeal, this court has been advised by counsel for the plaintiffs that the District Court dismissed the appeal.

During the long period of time in which this cause has been pending—more than two years—much effort and many sheets of beautiful white paper have been expended in behalf of the defendant in a determined and anxious effort to bring into this case alleged illicit relations and co-habitation indulged and enjoyed by her and P. G. Jeffcoat, her joint maker of the note involved in this case and secured by the mortgage sought to be foreclosed. Equally strenuous have been the efforts on the part of the plaintiffs to keep these allegations out of the case.

This court has taken the position, to which it continues to adhere, that whether or not there once shown through the dark curtains of sin and modern social sanctions, a glow from the light of illicit love generated by the mutual desire and indulgence of the defendant and the said P. G. Jeffcoat, which, due to the inexorable inroads of age, is now faded into innocuous desuetude, has no place in this action. The only relief sought by the plaintiffs, and all the relief, if any, that can be granted by this court, is the foreclosure of the mortgage mentioned above, by the plaintiffs who claim to be the lawful assignees of the original mortgagees.

The complaint alleges that the mortgage and the note secured by the mortgage were assigned by the original mortgagees to the plaintiffs. This allegation of course, necessarily carries with it the

same as if alleged in words, the allegation that the alleged assignment was valid and effective to place the assignees in the shoes of the assignors, with the same rights, remedies and sources of relief as abided with the original mortgagees and assignors *at the instant of assignment.*

The original complaint studiously avoids mention of the fact that P. G. Jeffcoat signed the note, but alleges with reference to the note that defendant "executed and delivered to Arthur B. Courtney and Martha M. Courtney, *her* promissory note in the amount of Three Thousand ($3,000.00) Dollars" (emphasis supplied) ; that the note was payable in monthly installments and secured by mortgage on certain described real estate in Lake County. The note as copied in the mortgage and the note filed in evidence, shows that P. G. Jeffcoat was a joint maker thereof with the defendant, Clara E. Panhuysen, and the complaint, as amended by stipulation between the attorneys for both parties, so alleges. This amendment, made by stipulation and agreement of counsel, was not called to the attention of this court and this court had no knowledge thereof until final hearing and during the course of taking evidence. Had it been called to the attention of the court, the orders striking portions of the original answer would probably not have been made to the conclusive degree to which they were made.

It is clear from the allegations of the complaint as amended, and from the evidence and proof submitted, that P. G. Jeffcoat was a *joint maker* of the note and not a surety as contended by the plaintiffs.

It is true that the allegations of the complaint indicate that the mortgage here involved is of the nature commonly referred to as a purchase money mortgage, but this allegation is denied by the answer and there is no proof to sustain the allegation. However, assuming without proof that the note does represent part of the purchase price and that the mortgage is what is commonly known as a "purchase money mortgage", the status of P. G. Jeffcoat as joint maker equally and primarily liable with the defendant for payment of the indebtedness, is not changed one iota. Therefore, P. G. Jeffcoat was primarily liable to the mortgagees as one of the makers of the note for payment thereof and when he paid the balance due as hereinabove set forth, he was simply discharging his own obligation.

Counsel for both parties have sought to inject the question of subrogation into this case, but the question is not presented either by the pleadings or by the evidence.

The evidence shows conclusively as stated above, that P. G. Jeffcoat, one of the makers of the note secured by the mortgage, paid the balance due thereon on January 27, 1955. The evidence also shows conclusively that the assignment of the mortgage here in question was made, executed and delivered by the mortgagees to the plaintiffs, without consideration of any nature whatsoever.

The debt having been paid and discharged by payment to the mortgagees of the balance due thereon, by one who was primarily responsible for such payment, the mortgagees had nothing left to assign and their attempted assignment to the plaintiffs was a nullity and carried nothing with it. The debt represented by the note and secured by the mortgage, was paid in full and the lien created by the mortgage against the real property therein described, was discharged and lifted. It therefore follows that under the facts proven, and the law applicable to the case, the defendant is entitled to judgment and decree of this court in her favor.

It is therefore ordered, adjudged and decreed that the complaint in this cause be and the same is dismissed with prejudice; that the plaintiffs take nothing by their suit; that the property described in the mortgage here involved and in the complaint, be and the same is discharged and freed from the lien of said mortgage; and the clerk of this court is directed to note said discharge on the margin of the record of said mortgage in his office by reference to this decree.